1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9   JOHN E. WEST,                          CASE NO. 1:05-CV-01554-OWW-SMS-P

10                  Plaintiff,              ORDER DENYING SECOND MOTION FOR
                                           APPOINTMENT OF COUNSEL
11          v.
                                           (Doc. 10)
12   WARDEN JAMES YATES, et al.,

13                  Defendants.
     _____/
14

15          Plaintiff John E. West ("plaintiff") is a state prisoner proceeding pro se in this civil rights

16   action pursuant to 42 U.S.C. § 1983.  On January 27, 2006, the same day the court denied plaintiff's

17   previously filed motion for the appointment of counsel, plaintiff filed a second motion seeking the

18   appointment of counsel.  Plaintiff is cautioned against filing duplicative motions.  If plaintiff has

19   filed a motion seeking relief, he must await the court's ruling on his motion and should not file

20   further motions seeking the same relief.

21          The court cannot require an attorney to represent plaintiff.  Mallard v. United States District

22   Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  In certain exceptional

23   circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

24   1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Without a reasonable method

25   of securing and compensating counsel, this court will seek volunteer counsel only in the most serious

26   and exceptional cases.  "A finding of exceptional circumstances requires an evaluation of both 'the

27   likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in

28   light of the complexity of the legal issues involved.'"  Terrell, 935 F.2d at 1017 (citations omitted).

1    In the present case, the court does not find the required exceptional circumstances.  Even if

2    it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

3    which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with

4    similar cases almost daily.   At this early stage in the proceedings, the court cannot make a

5    determination that plaintiff is likely to succeed on the merits, and based on a review of the record

6    in this case, the court does not find that plaintiff cannot adequately articulate his claims.[1]  Terrell,

7    935 F.2d at 1017.

8    For the foregoing reasons, plaintiff's motion for the appointment of counsel, filed January

9    27, 2006, is HEREBY DENIED, without prejudice.

11   IT IS SO ORDERED.

12   **Dated:    January 31, 2006**          _____/s/ Sandra M. Snyder_____
     i0d3h8                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The court has not yet screened plaintiff's complaint to determine whether it contains any cognizable claims for relief.  28 U.S.C. § 1915A.  The court has many civil cases pending before it and will screen plaintiff's complaint in due course.