1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9    JOHN E. WEST,                                  CASE NO. 1:05-CV-01554-OWW-SMS-P

10                           Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                                    RECOMMENDING PLAINTIFF'S MOTION
11         v.                                       FOR PRELIMINARY INJUNCTIVE RELIEF
                                                    BE DENIED
12   WARDEN JAMES YATES, et al.,
                                                    (Doc. 6)
13                           Defendants.

14   _____/

15         Plaintiff John E. West ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

16   in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 9, 2006, Plaintiff filed a motion

17   seeking a preliminary injunction prohibiting Medical Technical Assistant Brewer from having

18   contact, physical or otherwise, with inmates and from acting to the detriment of inmates.

19         The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

20   so heavily favors the moving party that justice requires the court to intervene to secure the positions

21   until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S.

22   390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1)

23   a combination of probable success and the possibility of irreparable harm, or (2) that serious

24   questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air

25   Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

26   demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the

27   plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must

28   ///

1    demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

2    Id.

3          A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a

4    threshold and preliminary matter the Court must have before it for consideration a "case" or

5    "controversy."  Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the Court does not have a "case" or

6    "controversy" before it, it has no power to hear the matter in question.  Rivera v. Freeman, 469 F.

7    2d 1159, 1162-63 (9th Cir. 1972).  The Court has not yet screened Plaintiff's complaint and

8    determined that it contains cognizable claims for relief.  Accordingly, assuming for the sake of

9    argument that the Court could issue the order sought by Plaintiff, the Court is unable to issue the

10   order a  t this time.

11         Further, even if the Court had already determined that Plaintiff's complaint stated cognizable

12   claims, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be

13   granted unless the movant, *by a clear showing*, carries the burden of persuasion."  Mazurek v.

14   Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A

15   party seeking a preliminary injunction cannot prevail where, as here, the motion for relief is

16   unsupported by any evidence showing that the movant is entitled to the relief sought.

17         Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for

18   preliminary injunctive relief, filed January 9, 2006, be DENIED.

19         These Findings and Recommendations will be submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

21   **days** after being served with these Findings and Recommendations, plaintiff may file written

22   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

23   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

24   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

25   1153 (9th Cir. 1991).

26

27   IT IS SO ORDERED.

28   **Dated:    February 22, 2006            /s/ Sandra M. Snyder**

2

icido3                                    UNITED STATES MAGISTRATE JUDGE