# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. WEST,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN JAMES YATES, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-01554-OWW-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 30 and 31) |

　　Plaintiff John E. West ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 18, 2006, plaintiff filed a motion seeking a preliminary injunction prohibiting prison officials from moving him from Pleasant Valley State Prison until his surgeries are performed and he has recuperated for six weeks. On November 22, 2006, plaintiff filed a motion seeking a preliminary injunction mandating he receive double meals and daily showers.

　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

1

1  plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a bare minimum, the plaintiff "must
2  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
3  <u>Id</u>.

4       Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
5  have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103
6  S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and
7  State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d
8  1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has
9  no power to hear the matter in question.  <u>Id</u>.

10       In this instance, there is not yet an actual case or controversy before the court.  In a separate
11  order issued concurrently with this Findings and Recommendations, the court dismissed plaintiff's
12  second amended complaint, with one final opportunity to amend, for failure to state any claims upon
13  which relief may be granted.  Thus, at this juncture, the court has no jurisdiction to issue the orders
14  sought by plaintiff.

15       Based on the foregoing, it is HEREBY RECOMMENDED that plaintiff's motions for
16  preliminary injunctive relief, filed September 18, 2006, and November 22, 2006, be DENIED.

17       These Findings and Recommendations will be submitted to the United States District Judge
18  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
19  **days** after being served with these Findings and Recommendations, plaintiff may file written
20  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
21  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
22  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
23  1153 (9th Cir. 1991).

25  IT IS SO ORDERED.

26  **Dated:  January 31, 2007**          **/s/ Sandra M. Snyder**
    icido3                                    UNITED STATES MAGISTRATE JUDGE